## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

CHRISTINA McDONALD,         )
                                          )
                                          )
                      Plaintiff,     )
                                          )
v.                                        )     Case No. CIV-05-1133-M
                                          )
HCA HEALTH SERVICES OF     )
OKLAHOMA, INC., an Oklahoma   )
corporation, d/b/a OU MEDICAL   )
CENTER,                        )
                                          )
                    Defendant.   )

## MEMORANDUM OPINION AND ORDER

Five motions filed in this action have been referred by United States District Judge

Vicki Miles-LaGrange for determination pursuant to 28 U.S.C. § 636(b)(3) [Doc. ##96, 102]:

    (1)     Plaintiff's Motion to Compel and Brief in Support [Doc. #28];

    (2)     Defendant's Emergency Motion for Protective Order and Motion to Quash Seven Subpoenas Duces Tecum with Brief in Support [Doc. #47];

    (3)     Plaintiff's Motion for Protective Order [Doc. #79];

    (4)     Plaintiff's Second Motion to Compel [Doc. #83]; and

    (5)     Defendant's Second Motion for Protective Order [Doc. #97].

The Court conducted a hearing on November 17, 2006, at which Plaintiff appeared through

her counsel, George S. Freedman, and Defendant appeared through its counsel, Kevin

Driskill.  The Court addressed each pending motion, and based on the briefs of the parties

as well as the arguments of counsel, the Court ruled from the bench on the majority of

pending issues.  The Court took other issues under consideration and, following the hearing, the Court additionally considered Plaintiff's Supplement to Second Motion to Compel [Doc. #105] and documents provided by Defendant for *in camera* review.  This memorandum opinion and order memorializes the Court's bench rulings and makes determinations on the remaining issues.

The Court's rulings are guided by Rules 1 and 26(b) of the Federal Rules of Civil Procedure.  Specifically, Rule 1 provides that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1. Regarding the proper scope of discovery in a case, Rule 26(b)(1)  provides that parties may obtain discovery "regarding any matter not privileged, that is relevant to the claim or defense of any party."  Rule 26(b)(1) further provides that "for good cause" the scope of discovery may be expanded and the court may order discovery of "any matter relevant to the subject matter involved in the action."   These rules create a general framework for the Court's analysis and determinations with respect to each of the pending motions.

Further, the Court is guided by Rule 37 in determining Plaintiff's requests for an award of her reasonable expenses, including attorneys fees, in regard to the various motions. Rule 37(a)(4) provides as follows:

> (A)    If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the

motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

(B)    If the motion is denied, the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party . . . who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

(C)    If the motion is granted in part and denied in part, the court may enter any protective order authorized under Rule 26(c) and may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

Fed.R.Civ.P. 37(a)(4).

## I.    Plaintiff's Motion to Compel

Plaintiff's Motion to Compel [Doc. #28] addresses four discovery issues.

### A.    Documents Withheld by Defendant on Grounds of Privilege

Following a request by Plaintiff, Defendant belatedly submitted a privilege log identifying documents Defendant had withheld from production on the ground of privilege. Plaintiff's motion to compel challenges Defendant's decision to withhold four of those documents.

After Plaintiff's motion to compel was filed and a day before Defendant's response to the motion was due, Defendant produced to Plaintiff two of the challenged documents. The remaining two documents are described on Defendant's privilege log as follows:

(1)     a one-page document dated October 4, 2004, from Louis Hall [Defendant's Human Resources Manager] to Judy Owen [Defendant's Director of Supplemental Staffing and Plaintiff's former supervisor] with no other recipients identified, "regarding CTA/Sitter position and created at request of counsel" -- withheld on the ground of "Attorney Work Product," and

(2)     a three-page document dated July 14, 2004, from LeaAnn Carr [Defendant's Interim Director of Supplemental Staffing and Plaintiff's former immediate supervisor] to Louis Hall [Defendant's Human Resources Manager] with no other recipients identified, "regarding accommodations and created at request of counsel" -- withheld on the ground of "Attorney Work Product."

In subsequent correspondence to Plaintiff's counsel and in argument to the Court, Defendant has belatedly asserted that these two documents are also protected from discovery by the attorney-client privilege.

Defendant has submitted the two documents at issue to the Court for *in camera* review, together with a letter explaining that certain references in the documents refer to Defendant's legal counsel in Nashville.  The Court has reviewed the documents.

The first document consists of two email messages, the first from Judy Owen to Louis Hall inquiring about the status of another employee, not Plaintiff.  The return email, however, references both Plaintiff and the other employee.  The return email further communicates the advice of legal counsel to Defendant's managers relating to Plaintiff's employment situation. The Court finds that the document meets the criteria for protection under the attorney-client

4

privilege. *See In re Universal Service Fund Telephone Billing Practices Litigation*, 232 F.R.D. 669, 674 (setting forth the elements of the attorney-client privilege under federal common law). The Court further finds that the document does not qualify for protection under the attorney work-product doctrine, the sole ground Defendant asserted for withholding the document on its privilege log. Defendant has not met its burden to show that these emails were prepared principally or exclusively to assist in anticipated or ongoing litigation. *See e.g.*, *Raytheon Aircraft Co. v. U.S. Army Corps of Eng'rs*, 183 F.Supp.2d 1280, 1288 (D. Kan. 2001) (to invoke the attorney work product doctrine as a bar to discovery, a party must show that the document was prepared principally or exclusively to assist in anticipated or ongoing litigation).

The second document consists of seven emails sent on various dates from April 27, 2004 to July 14, 2004. The Court will address these in two groups. The first group consists of three email messages dated April 27, 2004, between Plaintiff's supervisor, Susan Chatman, and Louis Hall. The subject matter of these emails is related to seeking legal advice and communicating legal advice about Plaintiff's employment. The second group consists of four emails between LeaAnn Carr and Louis Hall and dated between June 25, 2004 and July 14, 2004. Other recipients, John Caldwell and Angela Terrill, are noted on one of the email messages dated July 14, 2004. Also attached is a draft letter to Plaintiff from LeaAnn Carr with the handwritten note: "never sent." As reflected in the second group of emails, the draft letter is the subject of communications between Defendant's management employees and Defendant's legal counsel in Nashville providing advice and communications

5

about the letter and about meeting with Plaintiff.  These communications meet the criteria for protection under the attorney-client privilege, but Defendant has not shown that the documents qualify for protection under the work-product doctrine as originally asserted in the privilege log.

The Court has considered whether Defendant has waived its right to withhold the two documents on the ground of attorney-client privilege by failing to timely submit a privilege log, by failing to accurately describe the documents on its privilege log and by failing to assert on the privilege log a proper ground for withholding the documents.  *See* Fed.R.Civ.P. 26(b)(5).  Defendant failed to comply with basic requirements of the federal rules in several respects.  Defendant's failure to timely comply with the requirements is not excused merely because the document is later shown to be one that would have been privileged.  *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984). The Court is reluctant, however, to find a waiver of so important a protection as the attorney-client privilege unless Plaintiff would be unduly prejudiced by the withholding of the documents.  *See e.g., Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1552 (10th Cir. 1995) (court did not abuse its discretion in failing to order the production of otherwise privileged documents due to the untimeliness of the assertion of the privilege).  Based on the Court's *in camera* review, the Court finds that Plaintiff will not be unduly prejudiced by the withholding of the two items at issue.  The Court will not compel Defendant to produce the documents, but the Court does find that Defendant should pay Plaintiff's reasonable expenses incurred in relation to this aspect of Plaintiff's Motion to Compel.  Defendant disclosed to

Plaintiff two of the four challenged documents only after Plaintiff's motion to compel was filed, and Defendant has not shown that its earlier decision to withhold those two documents was substantially justified.  Further, Defendant's conduct in producing a deficient, inaccurate and untimely privilege log caused continued unnecessary litigation on the point of privilege relating to the remaining two documents.

Plaintiff's request for an award of her reasonable expenses, including attorneys fees, incurred in relation to this issue is granted.

### B.   <u>Defendant's Net Worth</u>

Plaintiff also seeks to compel production of the documents requested in Plaintiff's Request for Production Numbers 18 and 19.  In these discovery requests, Plaintiff requested documents showing Defendant's total revenues and tax returns for the years 2000 - 2005. Plaintiff seeks discovery of this information on the ground that it is relevant to her claim for punitive damages, as Defendant's net worth is one pertinent factor the jury may consider in determining Plaintiff's claim.  Defendant contends the information should not be subject to discovery, arguing that such information is irrelevant since Defendant has not raised a defense to the punitive damages claim based on insufficient net worth.

As the claims and defenses of the parties are presently framed, information relating to Defendant's net worth is relevant to Plaintiff's claim for punitive damages and within the proper scope of discovery under Rule 26(b)(1).[1]  Defendant cites no authority for its apparent

---

[1]*See Sonnino v. University of Kansas Hospital Authority*, 220 F.R.D. 633, 654 (D. Kan. 2004) ("It is well settled that when a plaintiff alleges sufficient facts to claim punitive damages (continued...)

position that such information is irrelevant unless a defendant affirmatively asserts a defense based on the insufficiency of its net worth. At the hearing, however, Plaintiff indicated that she would be satisfied and would not further pursue the production if Defendant stipulates that it will not assert the insufficiency of its net worth in relation to Plaintiff's claim for punitive damages. Defendant was directed to notify the Court and Plaintiff's counsel within 10 days of the hearing, or by November 27, 2006, whether Defendant stipulates that it will not assert the insufficiency of its net worth in relation to Plaintiff's punitive damages claim. If Defendant made such a stipulation by November 27, 2006, the information would not need to be produced. If no stipulation was made, Plaintiff's motion would be granted and Defendant was directed in that event to produce documentation of Defendant's net worth as reflected in its most recent tax reporting year ending December 31, 2005.

The Court has not received any notification by Defendant as directed at the hearing and therefore assumes that no stipulation has been made. Consequently, the Court grants Plaintiff's motion to compel on this issue and orders Defendant to produce the documentation described above. The Court finds that Defendant's failure to disclose the information requested was not substantially justified, and Plaintiff is entitled to an award of her reasonable expenses, including attorneys fees, incurred in relation to this issue.

---

[1](...continued)
against a defendant, information regarding the defendant's net worth or financial condition is relevant because it can be considered in determining the amount of such damages."). Plaintiff has alleged sufficient facts in her complaint to assert a claim for punitive damages against Defendant, and Defendant has made no showing that the claim is spurious.

### C.    <u>Float Pool Nurses Rosters</u>

Plaintiff seeks an order compelling Defendant to produce its float pool nurses rosters for each month in the year 2003 in unredacted form.  Defendant produced the rosters but, without explanation, redacted them in such a way as to eliminate their potential usefulness to Plaintiff's claim that the rosters show discrimination against Plaintiff on the basis of her disability.

At the hearing on November 17, 2006, counsel for Defendant represented that these rosters have now been disclosed to Plaintiff in unredacted form.  The parties were directed to confirm to the Court by November 27, 2006, that the unredacted documents had been produced.  Absent confirmation to the contrary, the Court presumes that the documents have been properly produced.  As Defendant has offered no explanation suggesting its prior redactions were substantially justified, the Court finds that Plaintiff is entitled to an award of reasonable expenses, including attorneys fees, on this issue pursuant to Rule 37(a)(4)(A).

### D.    <u>Other Lawsuits and Complaints of Discrimination</u>

In an aspect of Plaintiff's Motion to Compel that overlaps issues in other pending motions, Plaintiff seeks an order compelling Defendant to disclose information and documents relating to all lawsuits and complaints (formal or informal) involving employment related issues filed in Oklahoma against Defendant from January 1, 2000, to the present. Defendant objects to Plaintiff's motion on the ground that Plaintiff seeks information and documents beyond the proper scope of discovery in this case, as such matters are not relevant to either the claims or the defenses asserted in this action.

9

Plaintiff's Motion to Compel as it relates to this issue is granted in part and denied in part. The Court finds that Plaintiff has shown good cause to permit discovery of information and materials relevant to the subject matter of this lawsuit, narrowly defined as alleged unlawful employment discrimination on the basis of disability.

The record demonstrates Defendant's counsel initially agreed to provide the requested information and materials as to disability-related complaints of discrimination and then later refused to provide such disclosures. Plaintiff has shown that Defendant's human resources personnel have been involved in the decision-making process relating to accommodations for and communications with employees with disabilities. Their policies, practices and conduct in handling the interactive process required by law and in advising courses of conduct relating to those employees is a fair subject of inquiry in this case and may lead to admissible evidence on Plaintiff's individual claim of discrimination. Plaintiff's motion to compel is, therefore, granted to this extent: Defendant is ordered to produce the information and documents relating to disability-related discrimination complaints, claims and lawsuits filed from January 1, 2000, to the present.

The Court finds, however, that Plaintiff has not shown good cause to expand the scope of discovery to claims of employment discrimination on any other basis. Therefore, Plaintiff's Motion to Compel is denied with respect to discrimination lawsuits and complaints premised solely on bases other than disability.

## II.     Defendant's Emergency Application for Protective Order and Motion to Quash Seven Supboenas Duces Tecum With Brief in Support

As part of Plaintiff's efforts to discover information about other complaints of discrimination against Defendant, Plaintiff caused seven subpoenas duces tecum to be issued to various attorneys who have represented individuals as plaintiffs in employment discrimination lawsuits against Defendant.  In tandem with its objections to Plaintiff's Motion to Compel, Defendant moved for an emergency application for protective order and for an order quashing the subpoenas.

The Court grants Defendant's Emergency Application for Protective Order and Motion to Quash Seven Subpoenas Duces Tecum.  In light of the Court's ruling above related to discovery of other complaints of discrimination, Plaintiff is entitled to obtain information and documents from Defendant relating to disability claims and lawsuits, but Plaintiff has not demonstrated a need to obtain any additional information from third parties. It appears to the Court at this juncture that such discovery would be cumulative and duplicative to the discovery available conveniently and less expensively from Defendant. *See* Fed.R.Civ.P. 26(b)(2)(i).  Upon Plaintiff's review of the information and materials produced by Defendant in response to this Court's order, however, if Plaintiff can demonstrate a justifiable need for obtaining additional documents about the disability-related complaints from third parties, Plaintiff may apply to this Court for relief.  Nothing in this Order, however, is intended to prohibit Plaintiff's counsel from gathering and pursuing information about these other lawsuits either through voluntary witness interviews or through public records.

III.    **Plaintiff's Motion for Protective Order**

Plaintiff's Motion for Protective Order [Doc. #79] seeks a court order prohibiting Defendant's counsel from posing certain deposition questions to Dr. Kevin Lee.  Around the time Plaintiff's employment with Defendant ceased, Plaintiff was hired as an LPN at Midwest City Regional Hospital where she remains currently employed.  Dr. Kevin Lee was involved in the decision to hire Plaintiff at Midwest City Regional Hospital.

Plaintiff seeks to prevent Defendant's counsel from questioning Dr. Lee regarding Plaintiff's alleged removal of documents containing confidential patient information from OU Medical Center during her employment there.  In addition, Plaintiff seeks to prevent Defendant's counsel from asking Dr. Lee his opinion on whether a hospital may justifiably discipline or terminate an employee if it is discovered the employee removed confidential patient information from the hospital.  Plaintiff seeks to prevent such questioning due to the potential harm it may cause to her current employment relationship with Midwest City Regional Hospital.

Plaintiff's Motion for Protective Order is granted.  Defendant shall be prohibited from questioning Dr. Lee about Plaintiff's alleged wrongdoing during her employment with Defendant.  Plaintiff has shown that such questioning would very likely be highly prejudicial and harmful to her current employment, but would have very limited relevance, if at all, to the issues of the case.  Dr. Lee has no personal knowledge of Plaintiff's alleged conduct, nor does it appear from the record that Dr. Lee would have any personal knowledge of the policies, procedures and practices at OU Medical Center.  Moreover, Defendant does not

need Dr. Lee's opinion about the alleged conduct or its significance.  Plaintiff has admitted during deposition testimony both that she engaged in this conduct and that the conduct is contrary to Defendant's policies.  And Defendant has access to its own employees who have personal knowledge of Defendant's policies, procedures and practices, and who can competently testify as to the significance of Plaintiff's conduct.

## IV.   Plaintiff's Second Motion to Compel

In her second Motion to Compel, Plaintiff seeks the following: (1) a court order permitting Plaintiff's entry upon Defendant's premises to allow a second inspection and testing of the rubber mannequin in the room used to perform the skills assessment of Plaintiff on August 11, 2005; (2) a court order compelling Louis Hall and Angela Terrill to respond to deposition questions pertaining to their involvement in prior discrimination complaints filed against Defendant; (3) a court order compelling Laura Land to respond to deposition questions concerning her participation, efforts and location of documents produced pursuant to Plaintiff's Request for Production; and (4) an order compelling Defendant to produce any and all communications between employees of Defendant and between employees of Defendant and Plaintiff, including e-mails.

### A.   Second Inspection of Rubber Mannequin in the Room Used to Perform the Skills Assessment

Plaintiff first requests the Court to compel a second inspection of the rubber mannequin used in the skills assessment testing of Plaintiff.  Defendant contends that on September 28, 2006, Plaintiff was permitted to inspect the mannequin at issue and objects to any further inspection.  Both parties agree the mannequin used for Plaintiff's skills

13

assessment testing was a female mannequin.  Plaintiff contends, however, that the female

mannequin produced for inspection during discovery was materially different from the one

used in the skills assessment.  She contends that the mannequin used for her skills assessment

may have been modified or that a different mannequin may have been purchased since the

time of her skills assessment.

In objecting to a second inspection of the mannequin, Defendant has attached the

affidavit of Shelia St. Cyr, the registered nurse who performed Plaintiff's skills assessment

over a year prior to the inspection.  Ms. St. Cyr, although she was not present at the

inspection, states that Plaintiff inspected the same mannequin used in the skills assessment.

Ms. St. Cyr's affidavit is somewhat unclear, however, on the basis for her conclusion:

> OU Medical Center has only two mannequins – a male mannequin and
> a female mannequin.  Since Ms. McDonald's test was conducted on the female
> mannequin, I can and do state that the mannequin Ms. McDonald viewed on
> September 28, 2006, is the same mannequin as the one on which her
> assessment was conducted on August 11, 2005.

*See* Defendant's Objection to Plaintiff's Second Motion to Compel [Doc. #98], Exhibit 2,

Affidavit of Sheila St. Cyr, ¶ 11.

Defendant is ordered to produce a supplemental affidavit of Ms. St. Cyr or other

competent witness.  The supplemental affidavit should identify the purchase date of the

female mannequin used in the discovery inspection and further provide evidence, based on

the affiant's personal knowledge, review of documents or other competent basis, establishing

whether the mannequin Plaintiff viewed on September 28, 2006, is the same mannequin as

the one used for the skills assessment testing on August 11, 2005.  If it is established that the

mannequin inspected was the mannequin used in the skills assessment, the affidavit additionally shall disclose whether the female mannequin has been modified, refurbished or repaired in any manner since Plaintiff's skills assessment testing.

Defendant is also ordered to produce any documentation that supports the statements contained in the supplemental affidavit, including but not limited to any purchase orders or similar documents evidencing the purchase date of the female mannequin and any documents that would reflect modifications, repairs or refurbishments of the mannequin during the pertinent time period.  If no such documentation exists, the affidavit shall so state and shall describe the efforts made to locate such documents.   The supplemental affidavit and supporting documentation shall be produced to Plaintiff's counsel on or before December 15, 2006.

**B.**     **Questions to Louis Hall and Angela Terrill Regarding Prior Discrimination Complaints**

In ruling on Plaintiff's first motion to compel, the Court has ordered Defendant to provide Plaintiff with information and documents relating to other complaints and lawsuits alleging disability-based discrimination for the time period January 1, 2000, to the present. In her second Motion to Compel, Plaintiff requests an order compelling Defendant's human resources managers, Louis Hall and Angela Terrill, to respond to deposition questions pertaining to their involvement in prior discrimination complaints filed against Defendant. Plaintiff's request is granted, but Plaintiff's questions are to be limited – as with Plaintiff's other related discovery requests – to matters relating to the lawsuits and complaints involving in whole or in part claims based on disability discrimination.

15

In making this ruling, the Court is aware that the parties have already submitted final exhibit and witness lists in this action and that the case is currently set for the January 2007 trial docket.  The Court recognizes that the reopening of the depositions of Louis Hall and Angela Terrill may ultimately lead the parties to seek leave to amend their final exhibit and witness lists.  Whether any such amendments should be permitted under the circumstances are matters appropriately addressed to the District Judge who will conduct the trial of the case.

### C.   **Ms. Land's Deposition**

Plaintiff seeks an order compelling Defendant's current Chief Human Relations Officer, Laura Land, to respond to deposition questions regarding her efforts to locate documents responsive to Plaintiff's discovery requests and the location of the documents that were produced.  At Ms. Land's deposition, she confirmed that she was the main person responsible for gathering Defendant's documents in response to Plaintiff's request for production of documents.  And according to the record supplied to the Court, she responded to some deposition questions regarding her efforts but was instructed not to answer others. Specifically, when Plaintiff's counsel asked what assistance Ms. Land sought from Fran Masters, Defendant's counsel stated:  "You can ask her who she consulted, but we're not going to talk about the information she requested or any of those kinds of things."  As the basis for that position, Defendant's counsel stated that "she's doing that at my direction, therefore, it's work product."  *See* Plaintiff's Supplement to Second Motion to Compel, Exhibit 1.  Defendant's attorney clarified further, "We are not going to go into the detail of

16

what she did at my direction regarding those issues." *Id*.  The deposition continued without further instruction not to answer.

Plaintiff's Motion to Compel on this issue is denied.  According to the record before the Court, Ms. Land was instructed not to answer one question posed to her and Defendant's counsel clarified that the objection was to any inquiry into what Ms. Land did at the direction of Defendant's counsel.  That narrow instruction protected Defendant's counsel's advice and direction to Defendant's management employee and did not prevent Plaintiff's counsel from making proper inquiries into what Ms. Land did to gather the documents responsive to Plaintiff's requests.

### D.    E-Mail Communications

Based on the deposition testimony of Laura Land, Plaintiff contends that Defendant has not conducted a proper search for all email communications responsive to Plaintiff's requests for production of documents.  As noted above, Ms. Land testified in her deposition that she was the main person responsible for gathering documents responsive to Plaintiff's discovery requests.  She also stated that she did not personally search the computers of certain individuals.  Plaintiff seeks an order compelling Defendant to conduct a search for all responsive emails on the computers of Louis Hall, Angela Terrill, Susan Chatman and Sheila St. Cyr.  Plaintiff further requests permission to conduct further depositions, if necessary, to address matters contained in any additional e-mails produced as a result of the extended search.

Defendant contends that it has conducted a proper search for documents, including electronic communications.  In support of this contention, Defendant submits the affidavit of Angela Terrill, Defendant's Employee Relations Manager.  *See* Defendant's Response Exhibit 6 [Doc. #98-7].  The Court finds that Ms. Terrill's efforts described in the affidavit demonstrate Defendant's good faith effort to collect, on an ongoing basis, the documents and communications relevant to Plaintiff's claim of discrimination, including the location and preservation of email communications from various involved personnel.  Plaintiff has not shown a basis for compelling further action by Defendant.  Plaintiff's Motion to Compel on this issue is denied.

**V.**	**Defendant's Second Motion for Protective Order**

Defendant's counsel instructed two witnesses, Louis Hall and Angela Terrill, not to answer questions relating to prior lawsuits and complaints.  After Plaintiff filed her Motion to Compel on this issue, Defendant filed its Second Motion for Protective Order.  Defendant seeks a court order protecting these employees from Plaintiff's inquiries pertaining to prior discrimination lawsuits filed against Defendant.

Defendant's Motion is granted in part and denied in part.  Consistent with the Court's ruling on Plaintiff's Motion to Compel, Plaintiff may inquire about disability discrimination complaints, claims and lawsuits from January 1, 2000, to the present, but may not inquire about lawsuits, claims and complaints premised solely on other grounds of discrimination. Plaintiff is permitted to reopen these depositions for that sole purpose.

**VI.**    <u>**Plaintiff's Request for Attorneys Fees**</u>

Plaintiff has requested attorneys fees and costs related to (1) the filing of Plaintiff's Motion to Compel, (2) Plaintiff's response to Defendant's Motion for Emergency Protective Order, and (3) Plaintiff's Second Motion to Compel.

As set forth above, the Court finds pursuant to Fed.R.Civ.P. 37(a)(4) that Plaintiff is entitled to an award of her reasonable expenses, including attorneys fees, for the following: (1) Plaintiff's motion to compel regarding documents withheld by Defendant on grounds of privilege, (2) Plaintiff's motion to compel the production of documents reflecting Defendant's net worth, and (3) Plaintiff's motion to compel unredacted float pool nurse rosters.  In all other respects, Plaintiff's requests for attorneys fees and costs are denied.

Counsel for Plaintiff and Defendant are directed to confer with regard to Plaintiff's claim for her reasonable expenses in regard to those aspects of Plaintiff's motions identified above.  If the parties agree to an amount reflecting Plaintiff's reasonable expenses, they are directed to prepare an agreed order for the Court's consideration.  If the parties do not agree to a reasonable amount and wish to have an opportunity to be heard, Plaintiff is directed to notify the Court in writing.  Upon request, a hearing will promptly be scheduled to address the reasonableness of Plaintiff's claim for expenses, including attorneys fees.

IT IS, THEREFORE, THE ORDER OF THIS COURT that, as set forth in more detail in this memorandum opinion, Plaintiff's Motion to Compel [Doc. #28] is granted in part and denied in part, Defendant's Emergency Motion for Protective Order and Motion to Quash Seven Subpoena Duces Tecum [Doc. #47] is granted, Plaintiff's Motion for Protective Order

[Doc. #79] is granted, Plaintiff's Second Motion to Compel [Doc. #83] is granted in part and denied in part, and Defendant's Second Motion for Protective Order [Doc. #97] is granted in part and denied in part.  Plaintiff's requests for an award of her reasonable expenses, including attorneys fees and costs, are granted in part and denied in part as set forth in this Order, and the Court will enter an agreed order to be submitted by the parties or hold a hearing upon either party's request to determine the reasonable amount of expenses, including attorneys fees, to be awarded to Plaintiff.

This Order terminates the referrals [Doc. ##96, 102].

ENTERED this __11th__ day of December, 2006.


VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE